Debtor(s): Michael Wayne Bishop
Donna Oouida Bishop

Case Number: 26-10079

United States Bankruptcy Court for the **WESTERN DISTRICT OF LOUISIANA, SHREVEPORT DIVISION**

# Chapter 13 Plan – Western District of Louisiana 12/2021

☒ Check here if this is an amended plan and list the plan sections that have changed and the reason for the change
Debtors are amending the plan to correct the amounts owed to the IRS and Louisiana Department of Revenue per claims filed. Debtors are also amending to pay general unsecured creditors per all claims filed.

2.2, 3.2, 4.4, 5.2

## Part 1: Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial division. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

***In the following notice to creditors, you must check each box that applies.***

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 14 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015 and LBR 3015-1. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan***

| | | |
|---|---|---|
| **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor.** | ☒ Included | ☐ Not Included |
| **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ Included | ☒ Not Included |
| **Nonstandard provisions, set out in Part 9.** | ☐ Included | ☒ Not Included |

## Part 2: Plan Payments and Length of Plan

2.1 **Applicable commitment period. The applicable commitment period per Form 122C-1 is 5 years.**

2.2 **Regular plan payments. Beginning no later than 30 days after the date the petition was filed, debtor(s) will make regular payments to the trustee for a total of 60 months as follows:**

$1,898.00 per month for 57 months.

If this is an amended plan, provide the following: $ 5,148.00 in regular payments have been paid for the first 3 months of this plan.

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.3 **Source of regular payments**. Regular payments to the trustee will be made pursuant to a payroll deduction order unless otherwise excused by the trustee or the Bankruptcy Court.

2.4 **Income tax returns and refunds.** During the pendency of this case, Debtor(s) will: (i) timely file all required income tax returns and (ii) provide the trustee with a copy of those returns within 10 days of filing. Debtor(s) will also pledge income tax refunds to the plan as follows:


Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

**2.5 Additional Payments (in addition to 2.2 above).**

***Check all that apply.***

☒ **None.** *If "none" is checked, the rest of § 2.5 need not be completed or reproduced.*

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default on claims secured by real estate, if any.** (This Section should list secured claims to which § 1322(b)(3) or (5) of the Code is applicable.)

***Check one.***

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ **Maintenance of ongoing contractual payments and cure of default, if any.** The debtor(s) will maintain the ongoing contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed by either the trustee, the debtor(s) or a third party, as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, as may be stated below.

| Name of Creditor | Collateral | Ongoing contractual installment payment (including escrow) | Amount of Arrearage, (if any) |
|---|---|---|---|
| Barksdale Federal Credit Union | 6962 Wood Duck Cr., Shreveport, LA 71107 Caddo County<br>☒ Check if Principal Residence | $463.51<br>Disbursed by:<br>☐ Trustee<br>☒ Debtor(s)<br>☐ Third Party – provide name and relationship to debtor:<br>If disbursed by trustee, ongoing installment payments begin: | $0.00<br>☐ Pre-petition<br>☐ Post-petition<br>For post-petition arrearages, list the monthly payments that were missed: |
| Regions Mortgage | 6962 Wood Duck Cr., Shreveport, LA 71107 Caddo County<br>☒ Check if Principal Residence | $550.00<br>Disbursed by:<br>☐ Trustee<br>☒ Debtor(s)<br>☐ Third Party – provide name and relationship to debtor:<br>If disbursed by trustee, ongoing installment payments begin: | $0.00<br>☐ Pre-petition<br>☐ Post-petition<br>For post-petition arrearages, list the monthly payments that were missed: |

*Insert additional rows as needed.*

**The following terms apply to all secured claims listed in Section 3.1 of this plan:**

***Effect of Proof of claim:*** Unless otherwise ordered by the court, the amounts listed on an allowed proof of claim under Bankruptcy Rule 3002(c) control over any contrary amounts listed above as to the ongoing installment payment and arrearage.

***Effect of granting relief from the automatic stay:*** If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph 3.1, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

***Notice of payment change:*** If the trustee is making the ongoing contractual installment payment, and unless otherwise ordered by the court, the


Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

trustee may, but is not required to, change the amount of the payment pursuant to notices of payment changes filed by the lienholder which have not been objected to and when such change will not underfund the plan or violate § 1325(a)(4) of the Code.

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

***Check one.***

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☒ **The debtor(s) request that the court determine the value of the secured claims listed below, as follows:**

***Non-governmental secured claims.*** For each non-governmental secured claim listed below, the debtor(s) state that the amount to be paid by the Trustee to the creditor as secured is set out in the column headed "Amount of secured claim." For each listed secured claim, the *Amount of secured claim* will be paid in full with interest at the rate stated below until the *Amount of secured claim* or the secured amount set forth in a proof of claim filed by the secured creditor, whichever is less, has been paid in full.

***Secured claims of governmental units.*** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

| Name of Creditor | Amount of Creditor's total Claim | Collateral Description | Value of Collateral | Amount of Secured Claim | Interest Rate |
|---|---|---|---|---|---|
| Ally Financial, Inc | $30,809.62 | 2017 Chevrolet Silverado LS 86,000 miles | $30,824.76 | $30,809.62 | 9.00% |
| Ford Motor Credit | $10,177.91 | 2021 Ford Explorer XLT 45,800 miles | $10,135.00 | $10,135.00 | 9.00% |

*Insert additional rows as needed.*

**The following terms apply to all secured claims listed in Section 3.2 of this plan:**

***Effect of granting relief from the automatic stay.*** If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph 3.2, then, unless otherwise ordered by the court, all payments under this section as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

***Treatment of allowed claim in excess of amount of secured claim.*** The portion of any allowed claim that exceeds the amount listed in this Section 3.2 in the column headed Amount of secured claim will be treated as an unsecured claim under Part 5 of this plan. Any proof of claim filed with a secured value of $0.00 may be treated as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this Section 3.2.

***Lien Retention.*** The holder of any claim listed in this Section 3.2 as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of: (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

**3.3 Secured claims excluded from 11 U.S.C. § 506 (11 U.S.C. §1325(a)(hanging paragraph) - 910 day Car Claim or 365 day Personal Property).**

***Check one.***

☒ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Lien avoidance.**

***Check one.***

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*


Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com
Best Case Bankruptcy

**3.5 Surrender of Collateral.**
***Check one.***

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

**4.1 General.** Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.4, will be paid in full without post-petition interest.

**4.2 Trustee's fees.** Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 10% of plan payments.

**4.3 Debtor's Attorney's Fees.**

***Check One***

☒ Counsel has elected to be paid the fixed ("no-look") fee as authorized in the Western District of Louisiana.

☐ Counsel for debtor will submit an application for compensation and reimbursement of expenses in accordance with 11 U.S.C. § 330(a) and the applicable Bankruptcy Rules and Local Bankruptcy Rules for the Western District of Louisiana (the application should be noticed for hearing on the same day as the hearing on confirmation of this plan).

Based on the election above, the Debtor's attorney's fees are as follows:

(i) Fees for services through original confirmation:

| Attorney's Name | Total Fees | Fees Debtor paid pre-petition | Fees to be paid through the plan |
|---|---|---|---|
| The Cook Law Firm | $5,025.00 | $0.00 | $5,025.00 |
| The Cook Law Firm | $250.00 | $0.00 | $5,275.00 |

(ii) Fees for services after original confirmation:

| Attorney's Name | Description of Service* | Fee for Service | Fees to be paid through the plan |
|---|---|---|---|
| | | | |

*Insert additional rows as needed.*

*The "Description of Service" column should correspond to those allowed to be compensated under the court's order on fixed fees, or, if counsel has elected to submit a fee application, it should briefly describe the services for which counsel is seeking compensation.

The allowance of the requested attorney's fees and the timing of the allowance are subject to the approval of the court.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

***Check one.***

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☒ The debtor estimates the total amount of other priority claims to be as follows:.

Domestic Support Obligations other than those provided for in 4.5 below:

| Claimant | Nature of Claim | Amount |
|---|---|---|
| -NONE- | | |

*Insert additional rows as needed.*

Ongoing Domestic Support Obligations shall be disbursed by debtor.


Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com
Best Case Bankruptcy

All other unsecured priority claims including tax claims shall be disbursed by the trustee as follows:

| Claimant | Nature of Claim | Amount |
|---|---|---|
| IRS- BK Notices | | $11,349.74 |
| Louisiana Department of Revenue | | $1,684.09 |

*Insert additional rows as needed.*

**4.5 Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount.**

***Check one.***

☒ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**4.6 Supplement to Paragraphs 4.4 and 4.5.**

For Trustee disbursed claims, to the extent that a proof of claim is filed for an amount less than the amount provided for in Paragraphs 4.4 and 4.5, the Trustee shall pay the lesser amount contained in the proof of claim.

## Part 5: Treatment of Non-priority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. Unscheduled nonpriority unsecured debts to which a timely proof of claim is filed will be allowed unless objected to. All nonpriority debts on schedule E/F, and unsecured and undersecured debts on schedule D, are incorporated herein by reference.

Based upon the scheduled unsecured and undersecured claims in the amount of $32,012.02, it is anticipated unsecured creditors will be paid approximately $32,012.02, which is approximately 100.00 percent of their respective claims. However, the amount paid on any claim may vary depending on the actual filed and allowed claims.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid no less than $44,740.71. Payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims.**

***Check one.***

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

## Part 6: Executory Contracts, Unexpired Leases, and Unmodified Secured Debts paid per contract

**6.1 The executory contracts, unexpired leases, and Unmodified Secured Debts paid per contract listed here are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

***Check one.***

☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor(s) upon entry of discharge or dismissal.**

## Part 8: Other Plan Provisions

**8.1 Adequate Protection Payments.** Debtor(s) will pay adequate protection payments and/or lease payments as scheduled below to the trustee.

| Name of Creditor | Collateral | Adequate Protection Payment |
|---|---|---|
| Ally Financial, Inc | 2017 Chevrolet Silverado LS 86,000 miles | $385.30 |
| Ford Motor Credit | 2021 Ford Explorer XLT 45,800 miles | $126.68 |

*Insert additional rows as needed.*


Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com
Best Case Bankruptcy

**8.2** **Changed Circumstances.** Debtor(s) shall fully and timely disclose to the trustee any change in income, marital status, domestic support obligation, employment, address, or financial recovery to which debtor(s) become entitled, including without limitation, claims for personal injury, employment, worker's compensation, unemployment compensation, inheritance, life insurance, lottery proceeds, or property settlements. These funds shall be treated upon motion by trustee, debtor(s), or any party in interest.

8.3 **Confirmation order controls**. To the extent there is any conflict between this Chapter 13 Plan and the Confirmation Order, the Confirmation Order shall control.

## Part 9: Nonstandard Plan Provisions

☒ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

## Part 10: Signatures

/s/ Kelli Cook Date: May 7, 2026
Kelli Cook 32401
Signature of Attorney for Debtor(s)

/s/ Michael Wayne Bishop Date: May 7, 2026
Michael Wayne Bishop
Debtor

/s/ Donna Oouida Bishop Date: May 7, 2026
Donna Oouida Bishop
Joint Debtor

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

**By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in Official Chapter 13 Plan Form for the Western District of Louisiana, other than any nonstandard provisions included in Part 9.**


Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

## CERTIFICATE OF SERVICE

I hereby certify that I filed this document using the court's CM/ECF system which generated a "Notice of Electronic Filing" indicating that it was transmitted to the filing party and all registered users of the CM/ECF system having appeared in the case in which the filing is made. Pursuant to LBR 9013-1, transmission of the Notice of Electronic Filing to a registered user via the CM/ECF system constitutes service of the pleading or other document.

Daven M. Hill, Chapter 13 Trustee
POB 1770
Shreveport, LA 71166

U.S. Trustee
300 Fannin Street, Ste. 3196
Shreveport, LA 71101

I also certify that I served this document on the following non-registered users of the CM/ECF system:

Michael & Donna Bishop
6962 Wod Duck Cr.
Shreveport, LA 71107

Ford Motor Credit Company LLC
c/o AIS Portfolio Se
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

Ally Bank c/o AIS Portfolio Services, LLC
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

IRS- BK Notices
Post Office Box 7346
Philadelphia, PA 19101

Delinquent Recovery Associations
Spine Institute of Louisiana
600 Common Street
Shreveport, LA 71101

Midland Credit Management, Inc.
PO Box 2037
Warren, MI 48090

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001

Louisiana Department of Revenue
Attn: Bankruptcy Division
PO Box 66658
Baton Rouge, LA 70896

BARKSDALE FEDERAL CREDIT UNION
ATTN:BK
720 NORTHGATE RD.
BOSSIER CITY, LA 71112

CASCADE CAPITAL FUNDING, LLC
5341 Old Redwood Hwy Suite 210
Petaluma, CA 94954

Highland Clinic
1455 E. Bert Kouns Ind ' Loop
Shreveport, LA 71135

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Regions Bank
6200 Poplar Ave 4th Floor
Memphis, TN 38119

WK PIERREMONT HOSPITALIST GROUP
C/O RETAIL MERCHANTS ASSOCIATION INC
620 CROCKETT ST
SHREVEPORT, LA 71101

WILLIS KNIGHTON - PIERREMONT
C/O RETAIL MERCHANTS ASSOCIATION INC
620 CROCKETT ST
SHREVEPORT, LA 71101

WILLIS KNIGHTON - SOUTH
C/O RETAIL MERCHANTS ASSOCIATION INC
620 CROCKETT ST
SHREVEPORT, LA 71101

WILLIS KNIGHTON –
NORTH C/O RETAIL MERCHANTS ASSOCIATION INC
620 CROCKETT ST
SHREVEPORT, LA 71101

Date: May 7, 2026

Signature: /s/ Kelli R. Cook
Name: Kelli R. Cook, Esq.